CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

APR 20 2009

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bruoff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **GEORGE FREDERICK DELANEY,** | ) | Civil Action No. 7:08-cv-00465 |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | By: Hon. Michael F. Urbanski |
| **ROBERT MARSH, M.D., et al.,** | ) | United States Magistrate Judge |
| Defendant. | ) | |

This action is before the court upon pro se plaintiff's second motion to amend his complaint (docket #53), filed pursuant to 42 U.S.C. § 1983. Plaintiff seeks to add three defendants by his motion to amend. Plaintiff also filed several other motions that the court will presently address.

I.

Plaintiff proposes naming Prison Health Services, Inc. ("PHSI"), and its registered agent, CT Corporation Systems ("CTCS"), as defendants.[1] Plaintiff alleges that PHSI is responsible for supervising the work of its employees, defendants Marsh and Maclam, and ensuring that employees follow corporate policies and practices. (Second Mot. Am. 2.) Plaintiff further alleges that PHSI knew Marsh and Maclam violated PHSI's policies and practices when they allegedly provided inadequate medical treatment and deleted portions of his medical order. (Id. at 3.)

Plaintiff also proposes naming Gene Johnson, Director of the Virginia Department of Corrections ("VDOC"), as a defendant. Plaintiff alleges that Johnson is responsible for overseeing the VDOC facilities, employees, and policies. (Id. at 4.) Plaintiff also alleges that

---

[1] Plaintiff clearly fails to state a claim against the registered agent because he does not establish any personal action, policy, or custom by the registered agent related to his underlying claims.

Johnson knew that the defendants violated VDOC policies and caused him harm. (Id.) Plaintiff does not allege how Johnson knew about plaintiff's underlying claims or injuries.

Plaintiff fails to state a claim against Johnson, PHSI, and CTCS because he seeks to hold these proposed defendants liable on the basis of respondeat superior. A defendant must be personally involved in the alleged wrong to be liable under § 1983; liability cannot be predicated solely under respondeat superior. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); see also Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982) (holding that respondeat superior does not apply to private corporations in a § 1983 action). Plaintiff seeks to add these new parties solely because they are the defendants' employment supervisors. Furthermore, plaintiff acknowledges that the defendants operated in violation, and not in furtherance, of their organizations' respective policies and procedures. Accordingly, plaintiff fails to state a claim against the proposed defendants.

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading a second time only with opposing parties' consent or the court's leave, which is to be freely given.[2] However, leave to amend will not be given when the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613-14 (4th Cir. 1980); see also Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (stating that an amendment is futile when it fails to state a claim for relief). Accordingly, the court denies plaintiff's second motion to amend as futile for failing to state a claim upon which relief may be granted.

---

[2] No other party consented to the motion to amend.

II.

Plaintiff filed a "request for an order" (docket #27) compelling VDOC officials at the Greensville Correctional Center to forward plaintiff's personal property to him at Powhatan Correctional Center. In order for the court to construe the motion as a motion to amend, the amendment must "assert a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not intend for the rule to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003). The facts in this motion do not arise from the conduct or issues in the underlying complaint. Therefore, the court declines to amend the complaint to include this claim.[3] Furthermore, the court could not act on this request for equitable relief because plaintiff fails to address any of the requisite elements under Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). Accordingly, the court denies plaintiff's "request for order."

III.

Plaintiff filed an application for a subpoena duces tecum (docket #28), a motion to compel discovery (docket #39), and a letter requesting subpoenas duces tecum (docket #52), which the court construes as a second application for a subpoena duces tecum. However, plaintiff's motions are premature because the defendants have not yet responded to his complaint. Furthermore, plaintiff has not demonstrated a particularized need for the documents he requests. Accordingly, the court denies plaintiff's requests for discovery.

---

[3] Plaintiff may refile this claim in a separate civil action.

3

IV.

Upon consideration of plaintiff's motions, it is hereby

**ORDERED**

that plaintiff's motion to amend (docket #53), request for an order (docket #27), application for subpoena duces tecum (docket #28), a motion to compel discovery (docket #39), and a letter requesting subpoenas duces tecum (docket #52) are **DENIED**.

The Clerk is directed to send a copy of this order to the plaintiff and counsel of record for the defendants.

**ENTER:** This 17th day of April, 2009.

_____
United States Magistrate Judge