IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GEORGE FREDERICK DELANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:08cv465 |
| ) | |
| ROBERT MARSH, M.D., ) | |
| CAROLYN MACLAM, RN, ) | |
| DANIEL BRAXTON and ) | |
| FRED SCHILLINGS ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS DEFENDANT CAROLYN MACLAM, RN**

COMES NOW your defendant Carolyn Maclam, RN ("Nurse Maclam"), by counsel, and in support of her Motion to Dismiss the action against her filed by plaintiff *pro se* George Frederick Delaney ("Inmate Delaney" or "plaintiff") respectfully sets forth the following facts, arguments and authorities:

**INTRODUCTION**

The "Legal Claims" asserted by Inmate Delaney alleges that Nurse Maclam and other defendants "deprived [him] of his right to a medically necessary diet", constituting a violation of the Eighth Amendment to the United States Constitution. (Complaint of inmate George Frederick Delaney ("Complaint"), 11.)  Inmate Delaney references state law claims of

1

negligence and medical malpractice when invoking this Court's jurisdiction, however, these claims do not appear in the "Legal Claims" section of the Complaint (Complaint, 3, 11).[1]

Nurse Maclam filed a Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Nurse Maclam includes additional documents for the court to consider, and therefore her motion must be considered under Rule 56 (Fed. R. Civ. P. 12(d)).  Federal Rule of Civil Procedure 56(c) provides that a Court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

### PLAINTIFF ALLEGATIONS

Inmate Delaney alleges that he was transferred to the Augusta Correctional Center on December 5, 2007 and upon arrival was "seen by the nursing staff" who referred him to Dr. Robert Marsh, M.D. ("Dr. Marsh"). (Complaint, 5).  He alleges that Dr. Marsh instructed Nurse Maclam "to order a diet from the facilities food service department deleting the 'no processed' part of the diet recommended and approved by the Department of Corrections chief [sic] physician." (Complaint, 7).  Inmate Delaney maintains that Nurse Maclam knew it was against policy and procedure to alter a "medically necessary diet." (Complaint, 7 – 8).  He states that Nurse Maclam and Dr. Marsh ignored his grievances related to this matter.  (Complaint, 8). Inmate Delaney also alleges that Nurse Maclam "provided plaintiff with a faxed memo . . .

---

[1] It is unclear to Nurse Maclam whether Inmate Delaney has effectively alleged these state law claims. However, even if the state law claims are properly a part of this suit they could not be maintained.  Nurse Maclam is entitled to the protection of sovereign immunity under Messina v. Burden, 228 Va. 301, 321 S.E.2d 657 (1984) and James v. Jane, 221 Va. 43, 267 S.E.2d 108 (1980) and other Virginia Supreme Court case law, including Lohr v. Larsen, 246 Va. 81, 431 S.E.2d 642 (1993).  Plaintiff fails to allege facts which would overcome this immunity, and because plaintiff is guilty of contributory negligence and/or assumption of the risk. [See  generally Exhibit B]  Because plaintiff fails to allege a federal cause of action for which relief could be granted, this court could not maintain supplemental jurisdiction over these state law claims after dismissal of the federal cause of action.

requesting that [the head dietician for the Virginia Department of Corrections] recommend a diet for the plaintiff knowing plaintiffs [sic] medical diet" had already been submitted to the chief physician. (Complaint, 8).

As a result of the defendants' alleged failure to provide him with the proper diet, Inmate Delaney maintains that he was forced to "meet his dietary needs through the facilities [sic] commissary." (Complaint, 9).

## ARGUMENT AND AUTHORITIES

### A. Inmate Delaney fails to allege facts sufficient for a finding of a violation of a constitutional right.

Inmate Delaney alleges that the defendants' actions violated his rights under the Eighth Amendment to the United State Constitution. His initial burden is to plead facts which could provide the basis for a constitutional violation. Crawford-El v. Britton, 523 U.S. 574. Inmate Delaney's disagreement with defendants' execution of his dietary restrictions is insufficient to establish such a violation.

In order to establish his claim against Nurse Maclam, plaintiff must allege and prove that her actions were unnecessary and wanton inflictions of pain that are totally without penological justification and that she was deliberately indifferent to the inmate's health or safety. Hope v. Pelzer, 536 U.S. 730, (2002). Deliberate indifference is a very high standard and a showing of mere negligence will not meet it. Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). The evidence must show that the official subjectively recognized a substantial risk of harm and that her actions were inappropriate in light of that risk. Id. at 303. The plaintiff must present facts to show that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1977).

Inmate Delaney alleges no facts to support his allegation that Nurse Maclam violated his Eighth amendment rights by acting with deliberate indifference. There is no assertion that Nurse Maclam was aware of any substantial risk of harm to Inmate Delaney arising out of the alleged alteration of his diet by a physician, especially when the alteration brought the plaintiff's diet more in line with the previous restrictions shown in his medical records.

Inmate Delaney disagreed with the diet prescribed by Dr. Marsh. A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment generally does not state a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Mere malpractice or negligence in treatment does not amount to a claim of constitutional significance. Estelle, 429 U.S. at 105-106; see also Scales v. Bristol Virginia City Jail, 2007 WL 777532 (W.D. Va. 2007). Moreover, Nurse Maclam has no authority to determine whether any inmate, including plaintiff, is placed on or removed from a special or restricted diet. (Declaration of Carolyn Maclam, attached hereto as "Exhibit A.") Any action she takes relative to an inmate's diet, including that of Inmate Delaney, is solely at and in furtherance of the express direction of a medical doctor. Id. She has no responsibility for providing meals to inmates. Id.

In addition to the insufficiency of the facts in the Complaint itself, Inmate Delaney's medical records belie his allegations of improper or negligent behavior on the part of the defendants, particularly Nurse Maclam. Inmate Delaney alleges Dr. Marsh, and Nurse Maclam at his behest, failed to include "no processed food" in his diet restrictions (Complaint, 7 – 9), and that this constituted an unnecessary and wanton infliction of pain totally without penological

justification, and that defendants were deliberately indifferent to his health or safety as required by the United States Supreme Court.

Inmate Delaney's medical records show that his diet had not included the "no processed food" restriction for most of the time reflected in the records of the Virginia Department of Corrections. (Medical Records of George Frederick Delaney (attached hereto with the declaration of the custodian of the records as "Exhibit B," [bates 00174] (2003), [bates 00023] (2006), [bates 00030] (September 2007), [bates 00192] (December 2007), [bates 00175] (2008).) His 2006 diet did not include the "no processed foods" restriction, but Inmate Delaney requested that diet on at least one occasion. ([bates 00033] (also noting that his condition made him a "security risk")).

Inmate Delaney violated diet restrictions known to him ([bates 00206], [bates 00061]), and abused his diet order, eating "whatever he desires" and engaging in "manipulative" behavior. ([bates 00038].) This behavior led the physicians at Lunenburg Correctional Center, prior to and independent of Dr. Marsh and Nurse Maclam, to determine that the special diet was no longer warranted by his clinical condition. (Id.) The Lunenburg doctors then informed Inmate Delaney that he had suffered from his condition for ten years and that he knew what foods he could and could not eat. (Id.)

Inmate Delaney knowingly violated his diet restrictions when he ordered from the commissary (Exhibit B, [bates 00036]) and would not go to the proper line in the cafeteria. (Exhibit B, [bates 00069].) He misrepresented his diet restrictions (Exhibit B, [bates 00072]), lied about a turkey allergy and threatened to "eat everything and sue this place." (Exhibit B, [bates 00067]). Inmate Delaney would refuse treatment (Exhibit B, [bates 00070]), not

5

cooperate with prison personnel and claimed that his condition prevented them from being able to put him in segregation. (Exhibit B, [bates 00108]).

Augusta Correctional Center recognized Inmate Delaney's "low residue" diet as soon as he was taken into that facility (Exhibit B, [bates 00056]) and continued to obtain approvals and to counsel plaintiff (Exhibit B, [bates 00063 – bates 00066]). Inmate Delaney's medical records show that the "no processed food" restriction over which he allegedly disagreed with Dr. Marsh has only appeared in one recommended diet and has never been specifically applied by the various prisons. In his appeal from the dismissal of the grievance he filed against Dr. Marsh plaintiff complains that Dr. Marsh is not following his 2003 diet. (Complaint, Exhibit entitled "Appeal for Level 1 response", 1.) His 2003 diet did not exclude processed foods. ([bates 00174].)

Even if the medical records supported Inmate Delaney's allegations, Nurse Maclam cannot be held liable for the injury he alleges as a result of failure to allow the proper dietary restrictions. Her involvement with Inmate Delaney's diet arrangements were dictated by physicians. (Exhibit A). She had no power or authority to make decisions relative to his diet. (Id.) She did not serve him food. (Id.). Her reliance on the instructions of the physicians, including Dr. Marsh, was entirely reasonable because Dr. Marsh's instructions themselves were reasonable.

Plaintiff's theory of liability rests on his assumption that one doctor's dietary prescription created in him a right to that diet indefinitely, regardless of the opinion of any other medical professional. Dr. Marsh was reasonable in his diet prescription and it was reasonable for Nurse Marsh to carry out his instructions related thereto. Plaintiff has not plead a violation by Nurse Maclam of his Eighth amendment rights.

**B. Nurse Maclam is entitled to qualified immunity for the claims arising under 42 U.S.C.§ 1983 and Inmate Delaney fails to allege facts sufficient to overcome that immunity.**

Even if facts sufficient to support a claim under the Eighth amendment had been plead, the claim still fails because Nurse Maclam is entitled to the protection of qualified immunity. As an employee of the Virginia Department of Corrections (Complaint, 4), Nurse Maclam is a public official performing a discretionary duty by rendering medical care. Her conduct as alleged in the Complaint did not violate a clearly established federal statutory or constitutional rights of which a reasonable person would have known. See, Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A nurse's reliance on the reasonable instructions of a medical doctor cannot be considered to be a violation of plaintiff's constitutional rights, and certainly would not be a reasonable person to think such a violation was "clearly established."

The qualified immunity to § 1983 actions is "immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). This action should therefore be dismissed, with prejudice.

## CONCLUSION

For the reasons and upon the authorities cited herein, defendant Carolyn Maclam, RN, by counsel, respectfully requests this honorable Court dismiss the action against her, with prejudice.

CAROLYN MACLAM, RN

By /s/ Erin W. Hapgood
Erin W. Hapgood
VSB #67917
Attorney for Defendant Carolyn Maclam RN
GUYNN, MEMMER & DILLON, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
erin.hapgood@gmdlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 8th day of May, 2009, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Richard C. Vorhis, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA  23219
Email: rvorhis@oag.state.va.us
Counsel for Defendants Daniel Braxton and Fred Schilling;

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

George Fredrick Delaney
#374390
Powhatan Correctional Center
3600 Woods Way
State Farm, VA  23160

By  /s/ Erin W. Hapgood