CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 17 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **GEORGE FREDERICK DELANEY,** | ) | CASE NO. 7:08CV00465 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| vs. | ) | |
| | ) | |
| | ) | |
| **JOHN MARSH,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant.** | ) | |

After a jury found for the defendant in this prisoner civil rights action pursuant to 42 U.S.C. § 1983, Plaintiff George Frederick Delaney filed a motion for a new trial under Rule 59(a), which the court also construes as a motion for reconsideration of the court's denial of plaintiff's motion for summary judgment. Having reviewed the record, the court denies Delaney's motion.[1]

## I. Background and Procedural History

Delaney alleged in his § 1983 complaint that Defendant John O. Marsh, M.D., acted with deliberate indifference to Delaney's serious medical need for a diet free from processed foods, in violation of Delaney's Eighth Amendment rights.[2] The court denied Dr. Marsh's motion to dismiss and his motion for summary judgment, finding that genuine issues of material fact existed as to whether Dr. Marsh acted with deliberate indifference to a serious medical need that

---

[1] Shortly after submitting his motion for new trial, Delaney moved to amend that motion with additional arguments. The court will grant this motion, but concludes that the motion for new trial as amended must be denied.

[2] The trial evidence established that Delaney has a history of ulcerative colitis and related surgeries that removed his colon and restructured his small bowel, and that his condition requires him to receive dietary accommodations to avoid bowel obstructions.

Delaney have a "no processed foods" diet between January 2 and April 17, 2008.[3] The court then set Delaney's remaining claim for trial before a seven-member jury on January 4-5, 2012, in Harrisonburg, Virginia, and denied Delaney's subsequent motion for summary judgment.

Proceeding pro se, Delaney presented his case to the jury, offering his own testimony and various documents as exhibits. Delaney also called Dr. Marsh as a witness and cross-examined the witnesses Dr. Marsh called in his defense. After the court's instruction and some deliberation, the jury completed a special verdict form, finding that Delaney had not established by a preponderance of the evidence that Dr. Marsh was deliberately indifferent to Delaney's serious medical need between January 2, 2008 and April 17, 2008. The court entered judgment for Dr. Marsh on January 6, 2012.

In his current motion, Delaney contends that he is entitled to a new trial because (1) the verdict was against the clear weight of the evidence and was based, in part, on improper evidence; and (2) the court erred in allowing Delaney's indigence to prejudice his ability to present his case. Alternatively, Delaney argues that the court erred in denying his motion for summary judgment (ECF No. 217) and asks to have the verdict set aside on that ground.

---

[3] See Delaney v. Marsh, Case No. 7:08CV00465, 2010 WL 1212569 (W.D. Va. Mar. 25, 2010) (Kiser, J.) (denying Dr. Marsh's motion to dismiss); Delaney v. Marsh, Case No. 7:08CV00465, 2010 WL 5173261 (W.D. Va. Dec. 14, 2010) (Kiser, J.) (denying Dr. Marsh's motion for summary judgment in part). Dr. Marsh filed an interlocutory appeal of the court's denial of his motion for summary judgment on the ground of qualified immunity, which the United States Court of Appeals for the Fourth Circuit dismissed in May 2011. See Delaney v. Marsh, 394 F. App'x 5 (4th Cir. Sept. 1, 2010). The Fourth Circuit dismissed Dr. Marsh's appeal upon finding that the order denying summary judgment in part was not a final order or an appealable interlocutory or collateral order because it found genuine issues of fact for trial. Id.

## II. Discussion

### A. Motion to Reconsider Denial of Summary Judgment

The court denied Delaney's motion for summary judgment on December 28, 2010, in a one-page opinion and order because the evidence presented by the parties was in conflict, and genuine issues of material fact remained in dispute. Delaney now moves for reconsideration of the December 28 order.

The applicable Eighth Amendment standard required Delaney to prove each of the following elements: (a) Delaney had a serious medical need for a "no processed foods" diet, (b) Dr. Marsh acted with deliberate indifference to that need, and (c) Dr. Marsh's actions or omissions caused serious aggravation or deterioration of Delaney's condition. See Estelle v. Gamble, 429 U.S. 97, 100-05 (1976). An official acts with deliberate indifference only if he was aware of facts from which he could draw an inference that a substantial risk of harm existed, he drew that inference, and he disregarded or responded unreasonably to the risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994). To win at the summary judgment stage on this claim, Delaney had to show that the material facts in support of these elements were so clear that reasonable jurors, taking the evidence in the light most favorable to Dr. Marsh, could not find by a preponderance of the evidence that Dr. Marsh was entitled to a verdict in his favor. FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Delaney did not meet this burden. Delaney argued that discharge instructions from the Medical College of Virginia Hospital ("MCV") on January 2, 2008, established that the MCV treating physician prescribed a diet excluding "processed foods," that Dr. Marsh authorized food service not to implement this portion of the discharge instructions, and that after eating this diet,

3

Delaney suffered abdominal problems. Dr. Marsh's evidence on summary judgment, however, taken in the light most favorable to him, was that based on his own knowledge of Delaney's medical history and his monitoring of Delaney's symptoms between January 3 and April 17, 2008. Dr. Marsh believed that he had prescribed a medically appropriate low residue diet, which was working well for Delaney.

The court could not resolve on summary judgment the material factual disputes created by the conflicting evidence the parties presented and, for this reason, denied Delaney's motion for summary judgment and set the matter for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (finding party seeking summary judgment bears initial burden of showing absence of genuine issue of material fact). Delaney's current arguments do not demonstrate any error in the court's ruling. Accordingly, the court denies Delaney's motion for reconsideration of the December 28, 2011 order, which denied his motion for summary judgment.

### B. Motion for New Trial

"The decision to grant or deny a new trial is within the sound discretion of the district court. . . ." King v. McMillan, 594 F.3d 301, 314 (4th Cir. 2010). When considering a motion for new trial under Rule 59(a), the trial judge may weigh the evidence and consider the credibility of witnesses." Id. The court will grant a new trial if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice." Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998). Under this standard, the court concludes that Delaney is not entitled to a new trial.

1. **The Evidence**

Delaney argues that the evidence at trial was insufficient to support the jury's verdict in favor of Dr. Marsh. Delaney fails to make the necessary showing. The jury had ample, credible evidence to find that Dr. Marsh did not act with deliberate indifference to Delaney's serious medical need for a different diet. The testimony established that: a nurse rather than the treating physician prepared the MCV discharge information sheet which mentioned the "no processed foods"; the MCV discharge paperwork did not include a discharge summary from Delaney's treating physician; Dr. Marsh was not aware of a medical reason to omit "processed foods" from the low residue diet prescribed for Delaney; when Dr. Marsh was unable to obtain additional information from the MCV specialist about his recommendations for Delaney, Dr. Marsh sought advice from Dr. Bickson, a specialist in Delaney's condition; and Dr. Bickson found the "low residue diet" medically appropriate. Delaney presented no competent medical expert evidence establishing that he had a medical need to avoid "processed foods" or that eating the diet Dr. Marsh prescribed caused the adverse symptoms Delaney claimed.

Delaney argues the court improperly allowed into evidence the discharge summary dated January 25, 2008 from the MCV physician because the medical record did not become part of Delaney's medical records until May 20, 2010, well after this lawsuit was filed. Delaney did not object to the admission of this record at trial. The record carried probative significance on the issue of Delaney's medical dietary needs, because the treating physician recommended that Delaney have a liquid diet to transition to a general diet and made no mention of a low residue diet or a need to avoid processed foods. The time at which Dr. Marsh became aware of the document's contents has no bearing on the issue of Delaney's serious medical need.

Delaney next argues that the defendant's evidence is misleading because Dr. Marsh prescribed a "no processed foods" diet on April 17, 2008, in contradiction of the defendant's claims that no such diet existed.  Dr. Marsh and Dr. Bickson testified, however, that the term "no processed foods" had no medical meaning, that the term was too vague, and that it arguably included foods that Delaney's condition required, such as cooked vegetables and the nutritional drinks Dr. Marsh prescribed.  Dr. Marsh testified that his April 17, 2008 note should have described the diet he was prescribing as including "no processed foods that are not low residue," because Delaney needed some food items that were processed, but should not have some unprocessed foods, like nuts and whole grains.  Dr. Marsh's notes on April 17, 2008 also indicated that Delaney should be allowed to self-select his diet to avoid food items in the special meal tray if his condition would better tolerate the food items served on the regular tray.  Delaney offered no medical evidence to clear up the confusion at trial regarding the meaning of a "no processed foods diet" and the specific foods excluded from that diet.  The evidence presented does not support a reasonable inference that a medically defined, no processed foods diet existed or that Dr. Marsh ignored a medical need for Delaney to receive such a diet.  The evidence presented allowed a reasonable jury to conclude that Dr. Marsh's dietary instructions on April 17, 2008 reflected Dr. Marsh's good faith attempt to accommodate Delaney's request to avoid certain foods and to help him manage a difficult medical condition in the prison environment.

Delaney asserts that he is entitled to a new trial because Dr. Marsh and his expert witness, Dr. Bickson, were friends and because Dr. Bickson was not friends with Delaney's treating physician at MCV.  Dr. Bickson testified that he was acquainted with the MCV physician who

evaluated Delaney, but did not work in the same department with that doctor and did not know him well. On the other hand, Dr. Marsh and Dr. Bickson became friends when they worked on several projects together at another institution. The court instructed the jurors that in determining the credibility of each witness' testimony, they could consider any relationship that witness had to either side of the case, as well as the witness' motives and state of mind. Delaney does not explain how Dr. Bickson's limited relationship with the MCV doctor had any bearing on Dr. Bickson's credibility as a witness or on the credibility of his medical opinions about the appropriate diet for Delaney's condition.

The court concludes that for the reasons stated, the clear weight of the evidence is in favor of Dr. Marsh, and that Delaney fails to establish that the verdict was based on any improper evidence or false testimony. Therefore, the court finds no evidentiary ground on which Delaney is entitled to a new trial.

### 2. Plaintiff's Indigency

An indigent civil litigant has a constitutional right to access the court in some circumstances without payment of filing fees. This right does not entitle an indigent litigant to "a perfect trial in all respects." Johnson v. Hubbard, 698 F.2d 286, 289 (6th Cir. 1983). Courts are not constitutionally required to waive, or to require the government to pay, the costs of all trial preparation materials that the litigant might desire, such as expert witness fees and deposition costs. Id.; Greene v. Hollaway, 30 F. App'x 134 (4th Cir. 2002) (finding that court did not err in refusing to secure the presence of pro se inmate plaintiff's witnesses); Laureano v. Jones, C/A No. 1:11–779–TMC–SVH, 2011 WL 5282601, *2 (D. S.C. Nov. 2, 2011) (denying

indigent plaintiff's request for issuance of subpoenas without payment of costs) (citing other cases).

Title 28, Section 1915(e)(1) provides that the court "may request an attorney to represent any person unable to afford counsel," but does not authorize payment of that attorney's fees. Courts exercise their authority under this provision only in exceptional circumstances, when a plaintiff has a colorable claim, but lacks the capacity to present it. Gordon v. Leeke, 574 F.2d 1147, 1173 (4th Cir. 1978); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Moreover, § 1915(e)(1) does not authorize the court to compel an attorney to represent an indigent plaintiff or to undertake legal expenses on such a plaintiff's behalf. See Mallard v. United States District Court, 490 U.S. 296, 309 (1989). Likewise, § 1915 does not authorize the court to pay an indigent civil litigant's deposition costs or witness fees. See gen., United States Marshals Service v. Means, 741 F.2d 1053, 1057 (8th Cir. 1984) (en banc) (finding § 1915 does not require federal courts to pay witness fees and other costs for indigent plaintiffs in § 1983 actions).

When Delaney filed this civil action, the court found that he qualified to proceed without prepayment of the $350.00 filing fee under § 1915(a) and (b). Delaney moved for appointment of counsel, citing his inability to meet with witnesses and his lack of experience in preparing for trial or presenting a case to a jury. The court denied Delaney's motion, noting that the grounds Delaney cited were not exceptional, as they were problems common to all inmate litigants, and that Delaney's submissions indicated his understanding of the issues in his case and his ability to express himself well. The court notified Delaney in its scheduling order that the clerk's office would mail subpoenas to non-inmate witnesses he wished to call, but that these subpoenas would

not be enforceable if he could not pay the necessary witness fee and mileage costs. Delaney submitted a list of witnesses, including the physician at MCV who treated him in December 2007, and the clerk's office mailed out subpoenas to each of these witnesses, without payment of the applicable fees. None of these witnesses attended the trial.

Delaney argues that the court should have appointed counsel to assist him, ordered the deposition of his witnesses, paid witness fees and mileage or compelled witnesses to attend without payment of fees, or continued the trial until Delaney's witnesses could attend. Delaney asserts that his requested witnesses were material to his case and that his inability to present these witnesses because of his indigency deprived him of the right to compulsory process and a fair trial.

The court finds no basis to grant Delaney a new trial because he did not have counsel or the witnesses he desired. First, the court's failure to appoint counsel or subsidize Delaney's efforts to obtain witness testimony did not bar him from presenting his case and did not violate his constitutional or statutory rights. Second, Delaney offers no evidence that the witnesses' testimony would have materially supported his assertion that he had a serious medical need for a no processed foods diet, rather than the low residue diet that Dr. Marsh prescribed. The MCV discharge summary indicates that the treating physician did not prescribe a particular diet. No evidence supports a conclusion that the MCV treating physician would offer testimony favorable to Delaney. Thus, Delaney fails to demonstrate that the court's refusal to provide counsel or to subsidize his efforts to obtain his requested witnesses caused a miscarriage of justice. Delaney presents no other ground on which he is entitled to a new trial. The court denies his motion. An appropriate order will enter this day.

9

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendant.

ENTER: This 16th day of April, 2012.

/s/ Glen Conrad
Chief United States District Judge